[Cite as *Cook v. NL Industries, Inc.*, 2013-Ohio-5119.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98911 and 99522**

## CHRIS COOK, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF DANIEL COOK, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## NL INDUSTRIES, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-705551

**BEFORE:** Blackmon, J., Celebrezze, P.J., and E.A. Gallagher, J.
**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEYS FOR APPELLANT**

**For Chris Cook Ind., Etc.**

Joshua P. Grunda
Jessica M. Bacon
Thomas W. Bevan
Patrick M. Walsh
Bevan & Associates, L.P.A., Inc.
6555 Dean Memorial Parkway
Boston Heights, Ohio 44236


**ATTORNEYS FOR APPELLEES**

**For NL Industries, Inc.**

Timothy M. Fox
Christine E. Watchorn
Ulmer & Berne, L.L.P.
88 East Broad Street, Suite 1600
Columbus, Ohio 43215

**For Donald McKay Smith, Inc.**

William D. Bonezzi
Kevin O. Kadlec
Bonezzi Switzer Murphy Polito & Hupp Co., L.P.A.
1300 East 9th Street, Suite 1950
Cleveland, Ohio 44114

**For Allied Glove**

Bradley K. Shafer
Swartz Campbell
1233 Main Street, Suite 1000
Wheeling, West Virginia 26003

**For Beazer East, Inc.**

Daniel J. Michalec
Holly Olarczuk-Smith
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

**For Clark Industrial Insulation**

John A. Kristan, Jr.
John A. Valenti
Kelley Jasons McGowan Spinelli Hanna & Reber, L.L.P.
1220 W. 6th Street, Suite 305
Cleveland, Ohio 44113

W. Matthew Reber
Kelley Jasons McGowan, et al.
Two Liberty Place, Suite 1900
50 South 16th Street
Philadelphia, Pennsylvania 19102

**For Cleaver-Brooks, Inc.**

Coleson R. Braham
Daniel P. Carter
Jeffrey W. Ruple
Buckley King, L.P.A.
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114

**For Edward R. Hart Company**

James N. Kline
Bruce P. Mandel
Kurt S. Siegfried
Robert E. Zulandt, III
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113

**For Ford Motor Company**

Stephanie M. Chmiel
Jennifer M. Mountcastle
Thompson Hine, L.L.P.
41 S. High Street, Suite 1700
Columbus, Ohio 43215

Elizabeth B. Wright
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

Stephen T. Persia
Susan Squire Box
Brad A. Rimmel
Nathan F. Studeny
Roetzel & Andress, L.P.A.
222 South Main Street
Akron, Ohio 44308

**For Foster Wheeler Corporation**

Nicholas L. Evanchan
Ralph J. Palmisano
Evanchan & Palmisano
388 South Main Street, Suite 402

Akron, Ohio 44311

**For General Electric Company**

Reginald S. Kramer
Oldham Kramer
195 South Main Street, Suite 300
Akron, Ohio 44308

**For Goodyear Tire & Rubber Company**

Matthew M. Daiker
Perry W. Doran, II
Richard D. Schuster
Vorys, Sater, Seymour, & Pease
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

**For Honeywell International, Inc.**

Steven G. Blackmer
Willman & Silvaggio, L.L.P.
5500 Corporate Drive, Suite 150
Pittsburgh, Pennsylvania 15237

**For Illinois Tool Works, Inc.**

Laura Kingsley Hong
Squire Sanders (US), L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114

**For Kelsey-Hayes Company**

Diane L. Feigi
Wade A. Mitchell
Edward D. Papp
Baker & Hostetler, L.L.P.
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114

**For Morton International**

Jennifer A. Riester
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East Ninth Street, Suite 1900
Cleveland, Ohio 44114

**For CL Zimmerman & Ohio Pipe & Supply Company**

Thomas R. Wolf
Reminger Co., L.P.A.
101 Prospect Avenue, West, Suite 1400
Cleveland, Ohio 44115

**For Okonite Company**

Kenneth F. Krawczak
Michele L. Larissey
Swartz Campbell, L.L.C.
The Illuminating Building
55 Public Square, Suite 1120
Cleveland, Ohio 44113

**For Pneumo Abex, L.L.C.**

Susan M. Audey
Christopher J. Caryl
Jennifer Woloschyn
Tucker Ellis, L.L.P.
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113

**For Saint-Gobain Abrasives (f.k.a. Norton Company)**

Michael D. Eagen
Dinsmore & Shohl, L.L.P.
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202

Daniel L. Jones, Jr.
Dinsmore & Shohl, L.L.P.
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

PATRICIA ANN BLACKMON, J.:

{¶1} In this consolidated appeal, appellant, Chris Cook ("Cook"), executor of the estate of his father, Charles Cook ("the Decedent"), appeals the trial court's decision to administratively dismiss his complaint. Cook assigns the following errors for our review:

I. The trial court erred in administratively dismissing this case.

II. R.C. 2307.92 and 2307.93 are unconstitutional as applied to plaintiff.

III. The trial court erred in finding the Goodrich Reply Memorandum is part of the trial court record.

{¶2} Having reviewed the record and pertinent law, we affirm in part, reverse in part and remand to the lower court for further proceedings consistent with the following opinion. The apposite facts follow.

{¶3} In November 2007, the decedent, a former smoker, who smoked up to two packs per day for almost 30 years, was diagnosed with lung cancer. In June 2008, decedent passed away and an autopsy confirmed the lung cancer diagnosis. In addition, the autopsy uncovered large amounts of fibrosis with asbestos bodies, including severe interstitial fibrosis in the left ventricle.

{¶4} On September 30, 2009, Cook filed an asbestos-related complaint against several companies, including, but not limited to NL Industries, Inc., f.k.a. National Lead Company, Goodyear Tire & Rubber Company, Lockheed Martin Corporation, Ford Motor Company, Exxon Mobil Oil Company, Individually and as Successor to Mobil Oil

Corporation, as well as "John Does and 1-100 Manufacturers, Sellers, or Installers of Asbestos-Containing Products" (collectively "appellees"). The complaint alleged injury to his father and subsequent death from workplace exposure to products containing asbestos.

{¶5} Subsequent to the filing of the complaint, Cook's attorney sent letters to the decedent's treating oncologist, Dr. Edward Walsh, and treating pathologist, Dr. Michael Doyle, to opine regarding the causal connection between decedent's exposure to asbestos and his development of lung cancer. Decedent's oncologist responded that he was not an expert in asbestos-related disease, and thus not qualified to provide a statement relating to the claim. Along the same vein, the decedent's pathologist responded that he was not an expert in the pathology of asbestos-related diseases, and could not say without reservation that decedent's lung cancer was due to asbestos exposure, and that asbestos exposure caused his death.

{¶6} On February 14, 2012, appellees moved the trial court to administratively dismiss the complaint for failure to submit the requisite prima facie evidence of physical impairment. On July 20, 2012, Cook filed his motion in opposition. In his response, Cook attached decedent's autopsy report and a letter from Dr. Alvin J. Schonfeld, who reviewed the autopsy report. In his letter, Dr. Schonfeld opined that decedent's lung cancer and death were caused by his extensive smoking and causally related to workplace exposure to asbestos.

{¶7} On August 7, 2012, the trial court held an oral hearing on the matter. The following day, the trial court granted appellees' motion to administratively dismiss Cook's complaint. Cook now appeals.

## Administrative Dismissal

{¶8} In the first assigned error, Cook argues the trial court erred in administratively dismissing the complaint.

{¶9} On September 2, 2004, Am.Sub.H.B. 292 became effective, and its key provisions were codified in R.C. 2307.91 through 2307.98. *Farnsworth v. Allied Glove Corp.*, 8th Dist. Cuyahoga No. 91731, 2009-Ohio-3890. The statutes require plaintiffs who assert asbestos claims to make a prima facie showing by a competent medical authority that exposure to asbestos was a substantial contributing factor to their medical condition resulting in a physical impairment. *Cross v. A-Best Prods. Co.*, 8th Dist. Cuyahoga No. 90388, 2009-Ohio-3079; Am. Sub. H.B. 292, Section 3(A)(5).

{¶10} "Substantial contributing factor" is defined as "[e]xposure to asbestos [that] is the predominate cause of the physical impairment alleged in the asbestos claim" and that "[a] competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred." *Link v. Consol. Rail Corp.*, 8th Dist. Cuyahoga No. 92503, 2009-Ohio-6216; R.C. 2307.91(FF)(1) and (2). In *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, the Ohio Supreme Court construed the

statute as requiring that asbestos exposure be a significant, direct cause of the injury to the degree that without the exposure to asbestos, the injury would not have occurred. *Id.*

{¶11} Directly relevant to this case, specifically because decedent smoked up to two packs of cigarettes per day for almost 30 years, R.C. 2307.92(B), (C), and (D), respectively, prohibit plaintiffs from maintaining asbestos actions based upon: (1) nonmalignant conditions; (2) smoker lung-cancer claims; and (3) wrongful death, unless the plaintiff in one of these situations can establish a prima facie showing in the manner described in R.C. 2307.93(A).

{¶12} Any plaintiff who bases his claim on any of the three circumstances listed in R.C. 2307.92(B), (C), or (D), must file "a written report and supporting test results constituting prima facie evidence of the exposed person's physical impairment" meeting the requirements specified in those sections. R.C. 2307.93(A)(1).

{¶13} Specifically, R.C. 2307.92(C)(1) sets forth the requirements that a smoker with lung cancer must present to establish a prima facie case, including, evidence from a competent medical authority that the exposed person has primary lung cancer, and that the exposure to asbestos is a substantial contributing factor; evidence that there was a latency period of ten or more years since the exposure and the diagnosis of lung cancer; and evidence of either the exposed person's substantial occupational exposure or evidence that the exposure to asbestos was at least equal to 25 fiber per cc years as determined to a

reasonable degree of scientific probability by a certified industrial hygienist or safety professional.[1]

**{¶14}** Under R.C. 2307.93(A)(1), defendants may challenge the adequacy of the plaintiff's prima facie evidence. R.C. 2307.93(B) provides that if the defendant does challenge the adequacy of the plaintiff's prima facie evidence, the court "shall determine from all of the evidence submitted" whether the proffered prima facie evidence meets the minimum requirements for cases involving smoker lung cancer, as specified in R.C. 2307.92(C). The trial court shall resolve the issue of whether the plaintiff has made the prima facie showing required by R.C. 2307.92 (B), (C), or (D) by applying the standard for resolving a motion for summary judgment. R.C. 2307.93(B).

**{¶15}** If the court finds, after considering all of the evidence, that the plaintiff failed to make a prima facie showing, then "[t]he court shall administratively dismiss the plaintiff's claim without prejudice." R.C. 2307.93(C). Summary judgment is reviewed de novo on appeal. *Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Cuyahoga Nos. 93479 and 93689, 2010-Ohio-2894, citing *Parenti v. Goodyear Tire & Rubber Co.*, 66 Ohio App.3d 826, 586 N.E.2d 1121 (9th Dist.1990). Summary judgment is proper only when the movant

---

[1] The Ohio Supreme Court has determined that "[t]he prima facie filing requirements of R.C. 2307.92 are procedural in nature, and their application to claims brought in state court pursuant to the FELA and the LBIA does not violate the Supremacy Clause, because the provisions do not impose an unnecessary burden on a federally created right." *Norfolk S. Ry. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919. Therefore, the prima facie requirements contained in R.C. 2307.92(C)(1) do apply to this case.

demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. *Id.*, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶16} In the instant case, Cook's counsel sent letters to his deceased father's treating physicians, soliciting opinions that exposure to asbestos was a substantial contributing factor to Cook's father's lung cancer and eventual death. In crafting the letters, counsel included the following statement:

> If you feel you are not an expert in asbestos-related disease and are not qualified to give a statement relating to lung cancer and how asbestos may have been a substantial contributing factor in causing his lung cancer, I am requesting from you that you notify me in writing.

As a result, and as previously mentioned, both treating physicians declined to render an opinion. Both physicians indicated that they were not experts in the pathology of asbestos-related diseases and could not render an opinion.

{¶17} R.C. 2307.91(Z) defines "competent medical authority" as a medical doctor who is providing a diagnosis for purposes of constituting prima facie evidence of an exposed person's physical impairment that meets the requirements specified in [R.C. 2307.92] and who meets the following requirements:

> (1) The medical doctor is a board-certified internist, pulmonary specialist, oncologist, pathologist, or occupational medicine specialist.
>
> (2) The medical doctor is actually treating or has treated the exposed person and has or had a doctor-patient relationship with the person.

(3) As the basis for the diagnosis, the medical doctor has not relied, in whole or in part, on any of the following:

(a) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition in violation of any law, regulation, licensing requirement, or medical code of practice of the state in which that examination, test, or screening was conducted;

(b) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that was conducted without clearly establishing a doctor-patient relationship with the claimant or medical personnel involved in the examination, test, or screening process;

(c) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that required the claimant to agree to retain the legal services of the law firm sponsoring the examination, test, or screening.

(4) The medical doctor spends not more than twenty-five per cent of the medical doctor's professional practice time in providing consulting or expert services in connection with actual or potential tort actions, and the medical doctor's medical group, professional corporation, clinic, or other affiliated group earns not more than twenty per cent of its revenues from providing those services.

{¶18} A review of the above statute reveals that the decedent's treating oncologist and pathologist clearly meet the requirement of a "competent medical authority" as that term is defined. Absent from the above statute is any requirement that the "competent medical authority" be an "expert in asbestos- related disease" in order to render an opinion.

{¶19} Cook failed to obtain an opinion from his father's treating physicians. As such, Cook failed to make a prima facie showing by a competent medical authority that exposure to asbestos was a substantial contributing factor to his father developing lung cancer and ultimately dying. Consequently, the trial court was constrained to administratively dismiss the complaint without prejudice. Under the circumstances, the trial court did not err in administratively dismissing the complaint.

{¶20} Nonetheless, Cook urges that we examine the application of the prima facie case requirements of R.C. 2307.92(C)(1) in a similar vein as we did in *Sinnott v. Aqua-Chem*, 8th Dist. Cuyahoga No. 88062, 2008-Ohio-3806, and its offspring. *Sinnott*, and several cases afterwards, involved plaintiffs whose lung cancer was treated by physicians at the Veterans Administration. There, in crafting a limited exception, we noted that a plaintiff treating at the Veterans Administration possessed a limited ability to achieve the typical doctor-patient relationship envisioned by R.C. 2307.92(C)(1) and R.C. 2307.91(Z)(2).

{¶21} However, unlike *Sinnott*, in the instant case, the decedent experienced the typical doctor-patient relationship with Doctors Walsh and Doyle that is envisioned by R.C. 2307.92(C)(1) and R.C. 2307.91(Z)(2). In the instant case, we have no way of knowing whether Doctors Walsh and Doyle would have provided an opinion if counsel had not included the requirement that they be experts in asbestos-related diseases.

{¶22} What we do know is that both doctors achieved the typical doctor-patient relationship with decedent and both were qualified to opine whether exposure to asbestos

was a substantial contributing factor to the decedent developing lung cancer and eventually dying.   As such, a *Sinnott*-like exception is not warranted.

{¶23} Further, although Cook urges that the autopsy report, along with Dr. Schonfeld's letter of interpretation, is deemed sufficient to establish a prima facie showing, neither Dr. Schonfeld nor the individual who performed the autopsy met the requirement of a "competent medical authority" as defined by the statute.   Pivotally, neither the coroner, for obvious reason, nor Dr. Schonfeld achieved a typical doctor-patient relationship with decedent.   Accordingly, we overrule the first assigned error.

## Constitutional Challenges

{¶24} In the second assigned error, Cook argues the governing statutes are unconstitutional.

{¶25} Initially, we note, in resolving claims contesting the constitutionality of a statute, we presume the constitutionality of the legislation, and the party challenging the validity of the statute, bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional.   *See State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 24; *Ohio Grocers Assn. v. Levin*, 123 Ohio St.3d 303, 2009-Ohio-4872, 916 N.E.2d 446, ¶ 11.

{¶26} In determining the constitutionality of a legislative act, this court must first determine whether the party is challenging the act on its face or as applied to a particular set of facts. *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14.   An "as applied" challenge asserts that a statute is

unconstitutional as applied to the challenger's particular conduct. *Columbus v. Meyer*, 152 Ohio App.3d 46, 2003-Ohio-1270, 786 N.E.2d 521 ¶ 31 (10th Dist.).

**{¶27}** In contrast, a facial challenge asserts that a law is unconstitutional as applied to the hypothetical conduct of a third party and without regard to the challenger's specific conduct. *Corsi v. Ohio Elections Commn.*, 10th Dist. Franklin No. 11AP-1034, 2012-Ohio-4831, 981 N.E.2d 919. To succeed in a typical facial attack, counsel would have to establish "that no set of circumstances exists under which [the definition] would be valid." *Id.*, quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

**{¶28}** Within this assigned error, Cook argues the statute is unconstitutional as applied to this case because it requires him to provide the impossible. However, as discussed in the first assigned error, it may be possible to procure opinions from decedent's treating physicians, but for counsel's imposition of additional qualifications not required by statute. Consequently, Cook, through counsel, improperly created this "impossible" situation that now forms the basis of his constitutional challenge. As such, Cook's "as applied" constitutional attack of the governing statute is not well taken.

**{¶29}** The Ohio Supreme Court has previously considered various constitutional challenges surrounding H.B. 292 and its statutory enactments, and has concluded that the requirements of R.C. 2307.91, 2307.92, and 2307.93 are procedural and remedial in nature and are not substantive and punitive. *See Norfolk S. Ry. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919 (holding that the prima facie filing requirements of R.C.

2307.92 are procedural in nature, and their application to federal claims brought in state court does not violate the Supremacy Clause); *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118 (holding that the requirements of R.C. 2307.91, 2307.92 and 2307.93 are remedial and procedural and may be applied without offending the Retroactivity Clause of the Ohio Constitution).

{¶30} Cook vaguely claims that refusing to allow the interpretation of the autopsy report by a non-treating physician to establish the prima facie showing violates the open court's provision of the Ohio Constitution.

{¶31} Ohio Constitution, Article I, Section 16 provides, "[A]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." This provision contains two distinct guarantees. First, legislative enactments may restrict individual rights only "by due course of law," a guarantee equivalent to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, citing *Sedar v. Knowlton Const. Co.*, 49 Ohio St.3d 193, 199, 551 N.E.2d 938 (1990). The second guarantee in Section 16 is that "all courts shall be open to every person with a right to a remedy for injury to his person, property, or reputation, with the opportunity for such remedy being granted at a meaningful time and in a meaningful manner." *Id.* at 109, quoting *Sedar* at 199.

**{¶32}** "The right-to-a-remedy provision of Section 16, Article I applies only to existing, vested rights, and it is a state law which determines what injuries are recognized and what remedies are available * * * ." *Id.* at 150, quoting *Sedar* at 202. "A right is not regarded as vested in the constitutional sense unless it amounts to something more than a mere expectation or interest based upon an anticipated continuance of existing law." *In re Special Docket No. 73958*, 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444, ¶ 29, quoting *In re Emery*, 59 Ohio App.2d 7, 11, 391 N.E.2d 746 (1st Dist.1978). Furthermore, the legislature may not enact laws that take away a remedy to an injured person. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 476, 1999 Ohio 123, 715 N.E.2d 1062 (1999).

**{¶33}** We have previously concluded that the enactment of H.B. 292 does not take away a remedy to an injured party; it "merely affects the method and procedure by which the cause of action is recognized, protected, and enforced, not the cause of action itself." *Bland v. Ajax Magnethermic Corp.*, 8th Dist. Cuyahoga No. 95249, 2011-Ohio-1247, quoting *In re Special Docket No. 73958* at 31, citing *Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, 864 N.E.2d 682 (12th Dist.). The Ohio Supreme Court has characterized the medical evidence criteria, including R.C. 2307.92(B), as mere administrative procedures, not substantive limits on a plaintiff's access to the courts. *See generally Bogle* and *Ackison*. Because it has been found that H.B. 292 does not take away a remedy, its statutory enactments are equally sound.

**{¶34}** R.C. 2307.92 and 2307.93 "do not relate to the rights and duties that give rise to [the] cause of action or otherwise make it more difficult for a claimant to succeed on the merits of a claim. Rather, they pertain to the machinery for carrying on a suit. They are therefore procedural in nature, not substantive." *Bogle* at 17, quoting *Jones v. Erie RR. Co.*, 106 Ohio St. 408, 412, 1 Ohio Law Abs. 104, 140 N.E. 366 (1922).

**{¶35}** As such, Cook has not been denied access to the courts. The statutory provisions of H.B. 292 do not prevent Cook from pursuing his claims. Moreover, H.B. 292 was enacted in 2004, prior to decedent's diagnosis of lung cancer. Therefore, the requirements had been established; Cook merely needed to follow them to maintain his cause of action.

**{¶36}** The fact that Cook's attorney chose to impose an additional and unnecessary qualification when requesting the opinion did not alleviate the burden to obtain the necessary opinion to satisfy his prima facie showing. Consequently, Cook's claim that he is being denied access to the courts is without merit. Accordingly, we overrule the second assigned error.

### Record on Appeal

**{¶37}** In the third assigned error, Cook argues the trial court abused its discretion in finding that the *Goodrich v. A.O. Smith Corp.,* Cuyahoga C.P. No. CV-561244, reply brief was part of its record.

**{¶38}** By way of background, in 2007, in the *Goodrich* matter, defendants filed a motion to administratively dismiss an asbestos-related complaint. In their motion in

opposition, filed July 26, 2007, Goodrich argued that R.C. 2307.92 and 2307.93 were unconstitutional because each violated the separation of powers, open courts, due process, and equal protection clauses of the Ohio and United States Constitutions. On September 19, 2007, after reply memorandums had been filed by certain defendants addressing Goodrich's constitutional arguments, the trial court held a hearing on the motion to administratively dismiss the complaint, and subsequently issued an opinion upholding the constitutionality of R.C. 2307.92 and 2307.93.

{¶39} Fast forward to 2012, in the instant matter, appellees filed a motion to administratively dismiss Cook's asbestos-related complaint. In response to the motion to dismiss, Cook argued that he was unable to meet the requirements of R.C. 2307.92 because his father's treating physicians were not "experts in asbestos-related disease" and thus unable to render an opinion. In addition, and pertinent to this assigned error, Cook argued that R.C. 2307.92 and 2307.93 were unconstitutional for the same reasons advanced in *Goodrich*.

{¶40} Because Cook's constitutional arguments had already been addressed and resolved by the trial court, appellees attached a copy of the trial court's opinion in *Goodrich* to their reply brief, preceded by the following statement:

> For sake of brevity, Defendants additionally adopt, as fully rewritten herein, the arguments made in support of the constitutionality of R.C. 2307.92 and R.C. 2307.93 made by various Defendants in the *Goodrich* case. See Notice of Joinder in Motion to Dismiss Pursuant to H.B. 292 and Reply Memorandum in Response to Plaintiffs' Memorandum in Opposition, File & Serve No. 16092027.

{¶41} Cook now argues that the *Goodrich* opinion was not properly part of the trial court's record and not part of the record on appeal. We agree.

{¶42} The *Goodrich* briefing was not filed in the present case, but was only referenced. This court has no way to examine the briefing within its record. The trial court also cannot take judicial notice of matters in unrelated cases even where it presided over those other cases. *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 16 (8th Dist.).

{¶43} In *NorthPoint Properties*, this court held that a trial court cannot take judicial notice of court proceedings in another case. Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." A trial court "may only take judicial notice of prior proceedings in the immediate case." "The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court." (Citations omitted.) *Id.* *Accord State v. Jackson*, 11th Dist. Trumbull No. 2004-T-0089, 2006-Ohio-2651, ¶ 36.

{¶44} The trial court erred in determining that the *Goodrich* briefing should be a part of the present record because it does not appear in the record and this court has no way to review it on appeal. If appellees wished to include the briefing in *Goodrich*, they needed to at least file it in this case and make it a part of the record. Accordingly, we sustain the third assigned error.

**{¶45}** This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellees and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR