**The STATE of Ohio, Appellant,**

**v.**

**SMALL, Appellee.** ▮

[Cite as *State v. Small,* 162 Ohio App.3d 325, 2005-Ohio-2291.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–316.

Decided May 10, 2005.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellant.

Yeura Venters, Franklin County Public Defender, and Allen V. Adair, Assistant Public Defender, for appellee.

PETREE, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas that dismissed an indictment against defendant-appellee, Darryl L. Small. For the following reasons, we reverse the trial court's judgment and remand the matter to the trial court with instructions.

{¶ 2} By indictment filed in 1996, defendant was charged in two counts: (1) kidnapping, a violation of R.C. 2905.01 and felony of the first degree, and (2) robbery, a violation of R.C. 2911.02 and felony of the second degree. According to this indictment, defendant allegedly kidnapped a one-year-old boy allegedly for the purpose of facilitating a robbery.

{¶ 3} In 1997, defendant pleaded guilty to the stipulated lesser included offense of kidnapping, in violation of R.C. 2905.01, a felony of the second degree. Upon application by the prosecuting attorney, the trial court ordered a nolle prosequi for the charge of robbery. The trial court found defendant guilty of the charge to which he pleaded guilty and imposed a five-year prison sentence. The trial court also determined that defendant was not a sexual predator.

{¶ 4} In January 2002, defendant, who the state contends was a sexually oriented offender by operation of law, allegedly failed to notify authorities of a change in his residence address. Additionally, in July 2002, defendant allegedly failed to timely verify his current address.

{¶ 5} By indictment filed on October 18, 2002, defendant was charged with (1) a violation of R.C. 2950.05, a felony of the fifth degree, which required sex offenders to provide notice of change of address, and (2) a violation of R.C. 2950.06, a felony of the fifth degree, which required sex offenders to verify their current address. Defendant pleaded not guilty to these charges.

{¶ 6} Thereafter, pursuant to Crim.R. 12(C)(1), defendant moved the trial court to dismiss the indictment of October 18, 2002, claiming that (1) the state's prosecution violated due process and equal protection under both state and federal constitutions as applied to defendant, and (2) defendant was never declared to be a sexually oriented offender by a sentencing court, thus making registration unnecessary.

{¶ 7} The trial court conducted a hearing to consider defendant's motion to dismiss. Finding a violation of substantive due process as applied to defendant under both state and federal constitutions, the trial court granted defendant's motion to dismiss.

{¶ 8} From the trial court's judgment, the state appeals and assigns four errors for our consideration:

First assignment of error

The trial court prejudicially erred when it concluded that a "stipulation" had occurred and when it concluded, without an evidentiary hearing, that defendant "asserted" a lack of sexual motivation.

Second assignment of error

Absent a cognizable due process interest at stake, the trial court erred in finding a due process violation.

Third assignment of error

The trial court erred in determining that the label of "sexually oriented offender" lacked a rational basis under due process as applied to defendant.

Fourth assignment of error

The trial court erred in dismissing the indictment, since the application of registration and verification laws to even non-sexual child kidnappers is constitutional, the "sexually oriented offender" label notwithstanding.

{¶ 9} Pursuant to R.C. 2945.67(A), a prosecutor may appeal as a matter of right a decision of a trial court in a criminal case that grants a motion to dismiss all or any part of an indictment.

■ {¶ 10} Generally, "an appellate court will defer to a trial court's factual findings, but must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case." *State v. Fleming* (Apr. 25, 1997), Portage App. No. 96–P–0210, 1997 WL 269141; *State v. Musick* (1997), 119 Ohio App.3d 361, 695 N.E.2d 317; see, also, *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808 ("The abuse of discretion standard should be used when the trial court makes discretionary decisions based on such things, for example, as evaluating the credibility of witnesses * * * ruling on the admission of evidence; making factual determinations").

■ {¶ 11} "[W]here a trial court's order is based on an erroneous standard or a misconstruction of the law, it is not appropriate for a reviewing court to use an abuse of discretion standard." Id. at 346, 604 N.E.2d 808. "In determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law." Id.

■ {¶ 12} Because resolution of the state's second assignment of error is dispositive, we begin by analyzing it. By this assignment of error, the state asserts that absent a cognizable due process interest, the trial court erred in finding a violation of due process.

{¶ 13} In 1997, under former R.C. 2950.01(D)(2)(a), a "sexually oriented offense" included "[a] violation of section R.C. 2905.01, 2905.02, 2905.03, 2905.04, 2905.05, or 2907.04 of the Revised Code when the victim of the offense is under eighteen years of age." [1] See, also, *State v. Williams* (2000), 88 Ohio St.3d 513, 519, 728 N.E.2d 342 ("A sexually oriented offender is a person who has committed a 'sexually oriented offense' as defined in R.C. 2950.01(D), and does not meet the

---

1. {¶ a} Since defendant's conviction in 1997 and defendant's indictment in October 2002, R.C. 2950.01 has been amended. In 2003, the General Assembly revised R.C. 2950.01 by providing that a "sexually oriented offense" means, among other things, "[a] violation of division (A)(4) of section 2905.01 * * * of the Revised Code, when the victim of the offense is under eighteen years of age." See sections 1 and 3 of (2003) Am.Sub.S.B. No. 5; see, also, division (A)(4) of R.C. 2905.01 (providing that "[n]o person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will").

{¶ b} In Am.Sub.S.B. No. 5, the General Assembly also created a new category, "child-victim oriented offense," which, among other things, included "[a] violation of division (A)(1), (2), (3), or (5) of section 2905.01 * * * of the Revised Code" when "the victim of the violation is under eighteen years of age and is not a child of the person who commits the violation" and the offender is a person 18 years old or older. See sections 1 and 3 of (2003) Am.Sub.S.B. No. 5.

definition of either a habitual sex offender or sexual predator"); *State v. Cook* (1998), 83 Ohio St.3d 404, 407, 700 N.E.2d 570. Cf. former R.C. 2950.01(B) and (E), 146 Ohio Laws, Part II, 2560, 2601, 2602.

{¶ 14} In *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, the Supreme Court of Ohio held that the Due Process Clauses of the Ohio Constitution and the United States Constitution did not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Id. at ¶ 18. The *Hayden* court stated that "according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sexual offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." Id.

{¶ 15} Here, in 1997, the trial court found defendant guilty of violating R.C. 2905.01, related to defendant's kidnapping of a minor, and the trial court found that defendant was not a sexual predator. Absent from the trial court's judgment was a determination concerning whether defendant was a sexually oriented offender.

{¶ 16} Even though the trial court in 1997 made no finding concerning whether defendant was a sexually oriented offender, construing *Hayden*, we conclude that defendant was denominated a sexually oriented offender, as a matter of law, under former R.C. 2950.01(D)(2)(a) because defendant was found guilty of violating R.C. 2905.01, related to defendant's kidnapping of a minor. See *Hayden* at ¶ 18.

{¶ 17} Furthermore, at the time of the alleged violations of R.C. 2950.05 and 2950.06, the versions of R.C. 2950.01 then in effect still denominated defendant a sexually oriented offender due to defendant's kidnapping conviction involving a minor. See, generally, former R.C. 2950.01(D)(1)(2)(a), 146 Ohio Laws, Part II, 2560, 2601–2602.

{¶ 18} In his motion to dismiss, defendant asserted, among other things, that the state's prosecution violated due process and equal protection under both state and federal constitutions as applied to him. In its judgment, the trial court concluded that application of the statutory requirement that required defendant to be classified as a sexually oriented offender offended the Due Process Clauses of the Ohio Constitution and the United States Constitution. The trial court did not adjudicate defendant's equal protection claim.

{¶ 19} "A court may hold a statute unconstitutional either because it is invalid 'on its face' or because it is unconstitutional 'as applied' to a particular set of circumstances." *Women's Med. Professional Corp. v. Voinovich* (C.A.6, 1997), 130 F.3d 187, 193. "If a statute is unconstitutional as applied, the State may continue to enforce that statute in different circumstances where it is not

unconstitutional * * *." Id. "In an as-applied challenge, 'the plaintiff contends that application of the statute in the particular context in which he acted, or in which he proposes to act, would be unconstitutional.'" Id., quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists* (1992), 506 U.S. 1011, 1012, 113 S.Ct. 633, 121 L.Ed.2d 564 (Scalia, J., dissenting).

{¶ 20} If a party challenges a statute on the ground that it is unconstitutional as applied to a particular set of facts, "the burden is upon the party making the attack to present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void when applied thereto." *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 231, 520 N.E.2d 188, citing *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph six of the syllabus. As stated by the Supreme Court of Ohio in *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118:

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

Id. at paragraph three of the syllabus.

{¶ 21} Substantive-due-process analysis has two primary features. *Washington v. Glucksberg* (1997), 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772. First, the United States Supreme Court has "observed that the Due Process Clause specifically protects those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition' * * * and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if they were sacrificed.'" Id. at 720–721, 117 S.Ct. 2258, 138 L.Ed.2d 772, quoting *Moore v. Cleveland* (1977), 431 U.S. 494, 503, 97 S.Ct. 1932, 52 L.Ed.2d 531 (plurality opinion), and *Palko v. Connecticut* (1937), 302 U.S. 319, 326, 58 S.Ct. 149, 82 L.Ed. 288. Second, substantive-due-process analysis requires a "'careful description' of the asserted fundamental liberty interest." Id. See, also, *State ex rel Heller v. Miller* (1980), 61 Ohio St.2d 6, 8, 15 O.O.3d 3, 399 N.E.2d 66 (stating that the Ohio Constitution's guarantees of due process and equal protection are substantially equivalent to the United States Constitution's guarantees, and a court may look to decisions of the United States Supreme Court to give meaning to the guarantees of Article I of the Ohio Constitution).

{¶ 22} "[D]ue process is required only when a decision of the State implicates an interest within the protection of the Fourteenth Amendment. And 'to determine whether due process requirements apply in the first place, we must not look to the "weight" but to the nature of the interest at stake.'" *Ingraham v.*

*Wright* (1977), 430 U.S. 651, 672, 97 S.Ct. 1401, 51 L.Ed.2d 711, quoting *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 570–571, 92 S.Ct. 2701, 33 L.Ed.2d 548.

{¶ 23} In *Williams,* supra, the Supreme Court of Ohio determined that "there is nothing in R.C. Chapter 2950 that infringes upon any fundamental right of privacy or any other fundamental constitutional right that has been recognized by the United States Supreme Court." Id., 88 Ohio St.3d at 531, 728 N.E.2d 342.

{¶ 24} Thus, absent any infringement of a fundamental constitutional right, there lacks a substantive-due-process ground for defendant's motion to dismiss. Absent a substantive-due-process ground, the trial court's judgment, which granted defendant's motion to dismiss and which concluded that the statutory requirement that defendant be classified as a sexually oriented offender violated the Due Process Clauses of the Ohio Constitution and the United States Constitution, was error.

{¶ 25} Accordingly, the state's second assignment of error is sustained.

{¶ 26} Because we have concluded in our disposition of the state's second assignment of error that the trial court's judgment was in error, the state's first, third, and fourth assignments of error are therefore moot and will not be considered. Furthermore, because the trial court's judgment considered only defendant's substantive-due-process claim and did not adjudicate defendant's equal-protection claim, we decline to consider defendant's equal-protection claim here.

{¶ 27} Accordingly, the state's second assignment of error is sustained, and the state's first, third, and fourth assignments of error are moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court to consider defendant's claim that the state's prosecution violated equal protection under both the Ohio and United States Constitutions as applied to defendant.

Judgment reversed
and cause remanded.

KLATT and DESHLER, JJ., concur.

DANA DESHLER, J., sitting by assignment of the Chief Justice of the Supreme Court of Ohio.