**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Gyugo v. Franklin Cty. Bd. of Dev. Disabilities,* **Slip Opinion No. 2017-Ohio-6953.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6953

GYUGO, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Gyugo v. Franklin Cty. Bd. of Dev. Disabilities,* Slip Opinion No. 2017-Ohio-6953.]**

*Sealing of records—R.C. 2953.33(B)—Questions explicitly requiring disclosure of sealed convictions on Department of Developmental Disabilities applications to renew registration as adult-services worker did not violate R.C. 2953.33(B) because questions were directly and substantially related to appellant's position with appellee and his qualifications for adult-services registration—Court of appeals' judgment affirming appellant's termination for dishonestly answering the questions affirmed.*

(No. 2016-0564—Submitted April 4, 2017—Decided July 27, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-150, 2016-Ohio-823.

_____

**FRENCH, J.**

{¶ 1} Appellant, Michael Gyugo, challenges the termination of his employment by appellee, Franklin County Board of Developmental Disabilities ("board"), for his failures to disclose his sealed criminal conviction on an application for employment and on applications to renew his registration as an adult-services worker with the Ohio Department of Developmental Disabilities ("department"). Gyugo maintains that he was not obligated to disclose his sealed conviction because the application questions that required disclosure of sealed convictions violated R.C. 2953.33(B).

{¶ 2} In this opinion, we consider only the questions on the registration applications that explicitly required disclosure of sealed convictions. We hold that those questions did not violate R.C. 2953.33(B) because the questions bore a direct and substantial relationship to Gyugo's position with the board and to his qualifications for registration. Like the court of appeals, we conclude that Gyugo was not excused from honestly answering those questions. Gyugo not only failed to disclose his conviction when answering those questions on his applications to renew his adult-services registration; in each of the four registration applications, he affirmatively denied the existence of any conviction, even if sealed. Those responses constitute dishonesty. We therefore affirm the judgment of the Tenth District Court of Appeals, which affirmed Gyugo's termination.

**Facts and procedural background**

{¶ 3} In 1992, an Ohio common pleas court entered an order pursuant to R.C. 2953.32(C)(2) to seal the record of Gyugo's prior conviction for an offense that our record does not identify. According to the parties' stipulation to this court, the sealing order stated that the proceedings in the underlying criminal case were deemed not to have occurred, that the conviction was expunged, and that the records pertaining to the conviction would be confined to the specific uses set forth in R.C. 2953.32 and 2953.35 by the officials named in those statutes.

**{¶ 4}** In 1995, Gyugo applied for employment as a training specialist with the board. The employment application asked whether Gyugo had ever been convicted of or pleaded guilty to (1) a felony under the Revised Code, (2) a crime under the Revised Code that is a first-degree misdemeanor on the first offense and a felony on subsequent offenses or (3) a substantially equivalent violation of an existing or former state or federal statute. Gyugo answered "No" to each of the three questions. The employment application informed Gyugo that he would be subjected to a criminal-background investigation if he came under final consideration for employment, but the investigation ultimately conducted into Gyugo's criminal background did not reveal his sealed conviction.

**{¶ 5}** From 1995 to 2013, the board employed Gyugo as a training specialist. His duties included training and instructing employees with developmental disabilities in a vocational/habilitation setting, assisting employees with personal-care needs, and assisting with the development and implementation of training plans.

**{¶ 6}** In 1995 and again in 2004, Gyugo acknowledged receipt of the board's policy manual, which prescribed the terms and conditions of his employment. The policy manual listed offenses that warranted discipline, up to and including termination, upon a first offense. Offenses warranting termination upon a first offense included "giving false information or withholding pertinent information called for in making application for employment," dishonesty, and failing to maintain registration required for the position.

**{¶ 7}** Gyugo's position required him to maintain registration with the department as an adult-services worker. To that end, in 1996, 2000, 2004, and 2008, Gyugo applied to renew his adult-services registration. Each registration application asked whether Gyugo had ever been convicted of a felony or a misdemeanor other than a minor traffic offense and stated that he had to "answer this question even if the record of [his] conviction(s)" had been sealed or

expunged. The 2008 application also stated that he had to "answer this question * * * regardless of whether or not the conviction appears on a criminal background check." On each of the four registration applications, Gyugo answered "No" to the question.

{¶ 8} The board first learned of Gyugo's sealed conviction when it completed criminal-record checks on all its employees in 2013. After affording Gyugo notice and a predisciplinary hearing, the board terminated Gyugo's employment in October 2013 for "[d]ishonesty and other failure of good behavior, i.e., you misrepresented your past criminal record on the application for employment and on each of four applications for certification/registration required for your position."

{¶ 9} Gyugo appealed his termination to the State Personnel Board of Review ("SPBR"). The administrative-law judge found that the registration-application questions at issue were not improper. She concluded that Gyugo's belief that he was not required to disclose his sealed conviction on his 1995 employment application was reasonable because that application did not refer to sealed or expunged records. But she concluded that his reliance on that belief was unreasonable with respect to the registration applications, based on the wording of the application questions and the board's policy manual. She held that Gyugo's failure to disclose his conviction on the registration applications constituted dishonesty and failure of good behavior sufficient to justify his termination. The SPBR overruled Gyugo's objections, adopted the administrative-law judge's recommendation, and affirmed Gyugo's termination.

{¶ 10} Gyugo appealed to the Franklin County Court of Common Pleas, which affirmed the SPBR's order. The Tenth District likewise affirmed, in a two-to-one decision. The majority rejected Gyugo's argument that the application questions about prior convictions were impermissibly broad, and it held that at least his answer on the 2008 registration application "was plainly dishonest" "in

the face of clear language calling for him to disclose his sealed conviction regardless of criminal check results." 2016-Ohio-823, 60 N.E.3d 715, ¶ 17, 23, 26-27.

**{¶ 11}** This court accepted Gyugo's discretionary appeal. 146 Ohio St.3d 1469, 2016-Ohio-5108, 54 N.E.3d 1268. Gyugo submits the following proposition of law:

> An applicant with a criminal conviction that has been sealed pursuant to R.C. 2953.32 is not obliged to disclose it in response to an application question posed in violation of R.C. 2953.33(B)(1) and may not be disciplined for declining to do so.

**{¶ 12}** We reject the premise of Gyugo's proposition. We hold that the registration-application questions explicitly requiring disclosure of sealed convictions did not violate R.C. 2953.33(B)(1) and that the board could discipline Gyugo for failing to disclose his conviction when answering those questions on the applications that he submitted in 1996, 2000, 2004, and 2008.

### Analysis

**{¶ 13}** An appellate court reviews a common pleas court's decision in an administrative appeal to determine whether the common pleas court abused its discretion in determining whether reliable, probative, and substantial evidence supports the administrative order. *Pons v. State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). But an appellate court exercises plenary review over questions of law, including questions of statutory interpretation, like those before us here. *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9.

**{¶ 14}** Our review in this appeal implicates a confusing array of statutes, including many that the General Assembly amended—in some cases, multiple

5

times—during the course of Gyugo's employment by the board. Because Gyugo premises his proposition of law on R.C. 2953.32 and 2953.33, we begin our analysis there.

{¶ 15} When a court orders a criminal record sealed, the proceedings in the underlying case "shall be considered not to have occurred," R.C. 2953.32(C)(2), and the order restores the offender "to all rights and privileges not otherwise restored" by termination of the sentence or community-control sanction or final release on parole or postrelease control, R.C. 2953.33(A). A sealed conviction is not permanently irretrievable, however; it is "shield[ed] from the public's gaze," but not for all purposes. *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 5, fn. 2. For example, R.C. 2953.32(D)(8) authorizes the Bureau of Criminal Identification and Investigation ("BCI") to inspect sealed records in order to provide information about an applicant for employment to a county board of developmental disabilities pursuant to R.C. 109.57.

{¶ 16} At all times relevant to this case, former R.C. 2953.33(B) (now R.C. 2953.33(B)(1)) limited application questions about sealed convictions: "In any application for employment, license, or other right or privilege * * *, a person may be questioned only with respect to convictions not sealed * * * unless the question bears a direct and substantial relationship to the position for which the person is being considered." Am.Sub.H.B. No. 490, 149 Ohio Laws, Part V, 9484, 9739. Importantly for our purposes, R.C. 2953.33(B) acknowledges that in certain circumstances—when questions directly and substantially relate to the position for which the applicant is being considered—applications may require the applicant to disclose any prior conviction, even if sealed.[1]

---

[1] R.C. 9.73(B), which took effect in March 2016, now prohibits public employers from including on an employment application *any* question concerning the applicant's criminal history. But that prohibition does not extend to applications for licensure, registration or other rights or privileges.

{¶ 17} We turn, next, to the relevant statutes and regulations that prescribe qualifications for employment by the board and, relatedly, govern registration with the department as an adult-services worker.

{¶ 18} Prior to 2013, and subject to exceptions not relevant here, former R.C. 5126.28(E)(1) prohibited the board from employing a person who had been convicted of certain specified criminal offenses. Am.Sub.H.B. No. 694, 145 Ohio Laws, Part IV, 6924, 6998.[2] And former R.C. 5126.28(E)(2) prohibited the board from employing a person who had been convicted of unspecified felonies that bore a direct and substantial relationship to the duties and responsibilities of the position. Am.Sub.H.B. No. 694, 145 Ohio Laws, Part IV, at 6998.

{¶ 19} During the period of Gyugo's employment, the General Assembly enacted R.C. 5123.081(B)(2), which prohibits a county board of developmental disabilities from employing a person who has been convicted of a "disqualifying offense," as defined in R.C. 5123.081(A)(4) and 109.572(A)(3)(a) through (e), except as provided by administrative rules. Under the current statutes, "disqualifying offense" does not include a catch-all category for felonies that bear a direct and substantial relationship to the duties and responsibilities of the position.

{¶ 20} When Gyugo applied for his position, former R.C. 5126.28(B) required the superintendent of a county board of developmental disabilities to request from BCI a criminal-records check of any applicant for employment. Am.Sub.H.B. No. 694, 145 Ohio Laws, Part IV, at 6996. Upon request for a criminal-records check pursuant to former R.C. 5126.28, former R.C. 109.572(B)(1) required BCI to review all relevant information, including "any relevant information contained in records that have been sealed." Am.Sub.H.B.

---

R.C. 2953.33(B) therefore continues to govern questions about sealed convictions on those types of applications as well as on applications for private employment.

[2] Former R.C. 5126.28(E) was subsequently amended, but the General Assembly made no substantive changes relevant to this opinion.

No. 694, 145 Ohio Laws, Part IV, at 6929. Former R.C. 109.572(A)(1) required BCI to determine whether the applicant had been convicted of or pled guilty to any offense listed in R.C. 109.572(A)(1)(a) or a substantially equivalent offense. Am.Sub.H.B. No. 694, 145 Ohio Laws, Part IV, at 6928-6929. The list of offenses in R.C. 109.572(A)(1) mirrored the list of offenses in former R.C. 5126.28(E)(1) that disqualified an applicant for employment by a county board of developmental disabilities. Taken together, these provisions entitled a county board of developmental disabilities to information about an applicant's sealed convictions for disqualifying offenses.

{¶ 21} During the period of Gyugo's employment, a training specialist employed by the board had to register as an adult-services worker with the department and maintain that registration as a condition of employment. Each time Gyugo applied to renew his adult-services registration, former R.C. 5126.25(D) and former Ohio Adm.Code 5123:2-5-04(D) required the department to deny a registration application or revoke registration if the applicant had been convicted of any of the offenses described in R.C. 5126.28(E) or Ohio Adm.Code 5123:2-5-04(D) unless the applicant met the standards for rehabilitation established in the Ohio Administrative Code. Am.Sub.H.B. No. 694, 145 Ohio Laws, Part IV, at 6995;[3] 1995-1996 Ohio Monthly Record 1677, effective Jan. 12, 1996.[4] In former Ohio Adm.Code 5123:2-5-04, the department declared that a sealed conviction had to be disclosed because that information "b[ore] a direct and substantial relationship to any position" for which registration was required. Former Ohio Adm.Code 5123:2-5-04(I), 1995-1996 Ohio Monthly Record 1677;

---

[3] Former R.C. 5126.25 was subsequently amended, but the General Assembly made no substantive changes relevant to this opinion.

[4] Former Ohio Adm.Code 5123:2-5-04 was subsequently amended, but the department made no substantive changes relevant to this opinion. *See* 2002-2003 Ohio Monthly Record 717-718, effective Oct. 10, 2002.

former Ohio Adm.Code 5123:2-5-04(J), 2002-2003 Ohio Monthly Record 718, effective Oct. 10, 2002.

{¶ 22} Prior to July 25, 2013, former Ohio Adm.Code 5123:2-5-04(G) afforded applicants the opportunity to avoid disqualification by satisfying certain conditions to demonstrate rehabilitation. 1995-1996 Ohio Monthly Record 1677. If an applicant satisfied the rehabilitation conditions—one of which was that the record of the prior conviction had been sealed—the department could not deny or revoke registration based on the prior conviction. Former Ohio Adm.Code 5123:2-5-04(G)(4), 1996-1997 Ohio Monthly Record 1677; former Ohio Adm.Code 5123:2-5-04(G)(7), 2002-2003 Ohio Monthly Record 718. Sealing alone did not establish rehabilitation; the applicant had to satisfy all the conditions listed in Ohio Adm.Code 5123:2-5-04(G) to avoid disqualification. Former Ohio Adm.Code 5123:2-5-04(H), 1995-1996 Ohio Monthly Record 1677; former Ohio Adm.Code 5123:2-5-04(I), 2002-2003 Ohio Monthly Record 718.

{¶ 23} Having reviewed the myriad statutes and regulations implicated here, we turn to their application in this case.

*The order sealing Gyugo's conviction does not negate disqualifications under R.C. 5123.081 and former R.C. 5126.28*

{¶ 24} Gyugo stipulates that his sealed conviction was for an offense that is currently listed in R.C. 109.572(A)(3)(a) and that was listed in former R.C. 109.572(A)(1)(a) when he applied for his position with the board. Gyugo's prior offense was therefore also listed in former R.C. 5126.28(E)(1) as a disqualifying conviction when he applied for his position with the board. Gyugo admits that his conviction—had it not been sealed—would have disqualified him from employment with the board. But he argues that the order sealing his conviction removed that disqualification and that the statutory disqualifications from employment apply only with respect to unsealed convictions. We disagree.

{¶ 25} First, Gyugo's argument is contrary to the plain language of R.C. 2953.33(B), which itself permits application questions about sealed convictions if the questions bear a direct and substantial relationship to the position sought. Additionally, the requirement in former R.C. 5126.28(B) that a county board of developmental disabilities obtain information from BCI about an applicant's criminal record, including information in sealed records, as part of its evaluation of the applicant's qualifications shows that a disqualifying conviction could be relevant even though the record had been sealed. And finally, the rehabilitation provisions in former Ohio Adm.Code 5123:2-5-04(G) likewise show that an order sealing the record of a prior conviction did not, by itself, preclude disqualification. If sealing alone were sufficient to remove the disqualifying nature of an applicant's prior conviction, the remaining rehabilitation conditions listed in former Ohio Adm.Code 5123:2-5-04(G), which Gyugo does not claim to have satisfied, would have been meaningless.

*Questions explicitly requiring disclosure of sealed convictions on the registration applications bore a direct and substantial relationship to Gyugo's position and adult-services registration*

{¶ 26} The prior-conviction questions on all four of Gyugo's applications to renew his adult-services registration stated that he had to disclose sealed convictions. Regardless of any belief on his part that the 1992 sealing order precluded questions about his prior conviction, Gyugo failed to disclose on the registration applications that he had a prior conviction. The issue becomes whether the department was entitled to ask those questions. *See* 2016-Ohio-823, 60 N.E.3d 715, at ¶ 18. We conclude that it was.

{¶ 27} R.C. 2953.33(B) permits application questions about sealed convictions if the questions are directly and substantially related to the position for which the applicant is being considered. Review of the statutes and regulations governing employment by a county board of developmental

disabilities and adult-services registration with the department compels the conclusion that the prior-conviction questions explicitly requiring disclosure of sealed convictions bore a direct and substantial relationship to Gyugo's position and adult-services registration.

**{¶ 28}** Subject to the rehabilitation provisions in former Ohio Adm.Code 5123:2-5-04(G), former R.C. 5126.25(D) prohibited the department from granting or renewing adult-services registration if the applicant had a conviction for an offense described in R.C. 5126.28(E), and former Ohio Adm.Code 5123:2-5-04(D) prohibited the department from granting or renewing adult-services registration if the applicant had a conviction for an offense described in Ohio Adm.Code 5123:2-5-04(D)(1) through (4).  At all times relevant to this case, the offenses described in former R.C. 5126.28(E)(2) and former Ohio Adm.Code 5123:2-5-04(D)(2) included an Ohio felony that bore a direct and substantial relationship to the position for which the applicant was being considered or for which registration with the department was required.  Am.Sub.S.B. No. 269, 146 Ohio Laws, Part VI, 10752, 11090-11091; 1995-1996 Ohio Monthly Record 1677.  And the rules that governed the grant or renewal of adult-services registration expressly stated that sealed convictions bore a direct and substantial relationship to any position for which certification and registration were required. Former Ohio Adm.Code 5123:2-5-04(I), 1995-1996 Ohio Monthly Record 1677; former Ohio Adm.Code 5123:2-5-04(J), 2002-2003 Ohio Monthly Record 718.

**{¶ 29}** Former Ohio Adm.Code 5123:2-5-04(D)(2) left to the department the task of determining whether an unlisted felony offense bore a direct and substantial relationship to the position for which registration was required. Relevant factors included the duties and responsibilities of the position, the nature and seriousness of the offense, the circumstances surrounding the offense, the victim's characteristics, the applicant's participation in the offense, and the extent to which the position would provide an opportunity for the commission of the

same or a similar offense. Former Ohio Adm.Code 5123:2-5-04(F), 1995-1996 Ohio Monthly Record 1677.

{¶ 30} Consistently with the dissenting opinion from the Tenth District, Gyugo argues that the registration-application questions at issue here violated R.C. 2953.33(B) because they did not list the offenses the department deemed to bear a direct and substantial relationship to his position. In support, Gyugo cites the 2008 revisions to R.C. 2953.33(B), 2008 Sub.H.B. No. 428. The 2008 version of the statute limited questions about sealed convictions to application questions that bear a direct and substantial relationship to the position for which the applicant is being considered "except as provided * * * in [R.C.] 3319.292." *Id.* R.C. 3319.292 states as follows:

> The state board of education and the department of education may question an applicant for issuance or renewal of any license with respect to any criminal offense committed or alleged to have been committed by the applicant. If the record of a conviction * * * has been sealed or expunged, the state board and the department need not assert or demonstrate that its questioning with respect to the offense bears a direct and substantial relationship to the issuance or renewal of the license or to the position in which the applicant will work under the license.

Gyugo argues that R.C. 2953.33(B)'s incorporation of that statute demonstrates that a board or agency other than the Department of Education or the State Board of Education must affirmatively assert in an application that questions about sealed convictions bear a direct and substantial relationship to the position or license sought. We disagree.

12

{¶ 31} The exclusion of the Department of Education and the State Board of Education from R.C. 2953.33(B)'s limits says nothing about the obligations of agencies that are subject to those limits. The second above-quoted sentence of R.C. 3319.292 simply clarifies the first sentence: the Department of Education and the State Board of Education are not restricted in their questioning by the direct-and-substantial-relationship test. Other boards or agencies may have to defend the relationship between application questions and a particular position, if challenged. But neither R.C. 3319.292 nor its incorporation as an exception in R.C. 2953.33(B) suggests that those other boards and agencies must affirmatively demonstrate the required relationship on the application itself.

{¶ 32} Gyugo's proposed requirement that application questions about sealed convictions specifically list all sufficiently related offenses is contrary to the department's statutory and regulatory discretion. The department was not able to list every offense that might be directly and substantially related to the position because, in light of its fact-intensive, case-by-case analysis, a particular offense might be sufficiently related to require disqualification in some circumstances but not in others.

{¶ 33} Gyugo's argument also disregards the difference between the relationships required by R.C. 2953.33(B) and those required by former R.C. 5126.28(E)(2). The issue under R.C. 2953.33(B) is whether the application *questions* bear a direct and substantial relationship to his position, but the issue under former R.C. 5126.28(E)(2) was whether a prior *offense* bore a direct and substantial relationship to the position. Some Ohio courts have addressed the relationship between a prior offense and the position sought when applying R.C. 2953.33(B). *See Kistler v. Bur. of Workers' Comp.*, 10th Dist. Franklin Nos. 04AP-1095 and 04AP-1100, 2006-Ohio-3308, ¶ 39 (conviction for conspiring to defraud insurance companies by submitting false and inflated medical bills was directly and substantially related to certification to provide medical services to

injured employees and to bill for those services); *State v. Bissantz*, 40 Ohio St.3d 112, 115, 532 N.E.2d 126 (1988) (bribery-in-office conviction bore a direct and substantial relationship to the privilege of holding public office). But while a direct and substantial relationship between a prior offense and the position sought may satisfy R.C. 2953.33(B) by also demonstrating that application questions about the prior offense are also directly and substantially related to the position, R.C. 2953.33(B) does not require the former relationship.

{¶ 34} We think *Kistler* is instructive. There, a Bureau of Workers' Compensation ("BWC") regulation prohibited certification of a healthcare provider for participation in the Health-Partnership Program ("HPP") if the provider had a " 'history of a felony conviction in any jurisdiction' " or " 'a conviction for an act involving dishonesty, fraud, or misrepresentation.' " *Kistler* at ¶ 3, quoting former Ohio Adm.Code 4123-6-022(B). Kistler disclosed his 1981 Florida felony conviction for conspiring to defraud insurance companies on his application for certification in 1996 and his application for recertification in 2002, but the BWC nevertheless granted both applications, certifying him as an HPP provider. In 2003, however, the BWC revoked Kistler's certification due to the Florida conviction.

{¶ 35} Kistler challenged the revocation, arguing that the BWC could not consider his Florida conviction because the records of the conviction had been sealed pursuant to R.C. 2953.32. The Tenth District rejected that argument and instead applied the exception in R.C. 2953.33(B) for questions that bear a direct and substantial relationship to the position for which the person is being considered. It held that revocation was proper because the BWC regulation "absolutely prohibits physicians who have certain convictions from certification as a[n] HPP provider." *Kistler* at ¶ 27. Although Kistler's prior offense bore a direct and substantial relationship to certification as an HPP provider, *id.* at ¶ 41, the Tenth District's opinion affirms that *application questions* about sealed

14

convictions are directly and substantially related to determining the applicability of a statutory disqualification as the result of a prior offense. We agree.

{¶ 36} Here, we conclude that the prior-conviction application questions explicitly requiring disclosure of sealed convictions bore a direct and substantial relationship to Gyugo's position, for which registration as an adult-services worker was required. Determination of both Gyugo's qualifications for employment by the board and qualifications for the required adult-services registration involved consideration of Gyugo's criminal history, including any convictions that had been sealed. Therefore, the application questions were directly and substantially related to Gyugo's position as a training specialist and registration as an adult-services worker.

### Conclusion

{¶ 37} The prior-conviction questions explicitly requiring disclosure of sealed convictions on Gyugo's applications to renew his adult-services registration did not violate R.C. 2953.33(B) because the questions were directly and substantially related to his position and his qualifications for adult-services registration. Gyugo was therefore not excused from disclosing his sealed conviction in response to those questions. His failure to disclose his conviction, despite an express requirement to do so, supports the board's decision to terminate Gyugo's employment. We therefore affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

McFadden & Winner, Mary Jane McFadden, and Joseph C. Winner, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Denise L. DePalma, Assistant Prosecuting Attorney, for appellee.

Russell S. Bensing, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Ryan Harmanis, Deputy Solicitor, urging affirmance for amicus curiae state of Ohio.

Bricker & Eckler, L.L.P., Anne Marie Sferra, and Jill K. Bigler, urging affirmance for amicus curiae Ohio Association of County Boards of Developmental Disabilities.

_____