[Cite as *Lowman v. State Med. Bd. of Ohio*, 2026-Ohio-635.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| RUFUS FRANK LOWMAN, P.A., | : | |
|     Appellant-Appellant, | : | CASE NO. 25CA17 |
|     v. | : | |
| STATE MEDICAL BOARD OF OHIO, | : | DECISION AND JUDGMENT ENTRY |
|     Appellee-Appellee. | : | |

_____

APPEARANCES:

Karin L. Coble, Toledo, Ohio, for appellant.[1]

Dave Yost, Ohio Attorney General, and D. Grant Wilson, Assistant
Attorney General, Columbus, Ohio, for appellee.
_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-19-26
ABELE, J.

{¶1} This is an appeal from a Ross County Common Pleas
Court judgment that affirmed the order of the State Medical
Board of Ohio, defendant below and appellee herein, to revoke
the physician-assistant license of Rufus Frank Lowman, P.A.,
plaintiff below and appellant herein. Appellant assigns the
following error for review:

> "THE TRIAL COURT ABUSED ITS DISCRETION WHEN
> IT FOUND THAT THE AGENCY'S ORDER WAS
> SUPPORTED BY RELIABLE, SUBTANTIAL, AND
> PROBATIVE EVIDENCE."

---

[1] Different counsel represented appellant during the trial court
proceedings.

{¶2} On May 8, 2024, appellee sent appellant a notice of summary suspension and opportunity for hearing. The notice advised appellant that he had violated R.C. 4730.25(B)(2) and 4730.25(B)(3) and his continued practice presented "a danger of immediate and serious harm to the public." The notice alleged that, between September 23, 2022, and March 14, 2024, appellant prescribed schedule II controlled substances to multiple patients "without the supervision or approval of a physician and/or without the prescriptive authority given to Physician Assistants as set forth in the Ohio Revised Code."

{¶3} Appellant requested a hearing to contest the allegations. At the hearing, appellant claimed that he did not know that his conduct did not comply with the law and stated that he believed that the prescriptions at issue fell within the R.C. 4730.411(B)(14)statutory exception. This exception, which became effective October 3, 2023, provides that a physician assistant may prescribe a schedule II controlled substance if the physician assistant issues the prescription from

> [a] site where a behavioral health practice is operated that does not qualify as a location otherwise described in division (B) of this section, but only if the practice is organized to provide outpatient services for the treatment of mental health conditions, substance use disorders, or both, and the physician assistant providing services at the site of the practice has entered into a supervisory agreement with at least one physician who is employed by that practice.

R.C. 4730.411(B)(14).

{¶4} Appellant stated that (1) approximately 80% of his medical practice involved substance abuse and mental health treatment; and (2) he entered into a supervisory agreement with a physician and claimed that this physician, Dr. Russell Lee-Wood, was "employed by" appellant's practice.

{¶5} After the hearing, the hearing examiner issued a report and recommended that appellee permanently revoke appellant's license and impose a $5,000 fine. The hearing examiner did not agree with appellant's assertion that his conduct fell within the R.C. 4730.411(B)(14) behavioral health exception. The examiner observed that appellant did not offer any evidence, other than his own testimony, that the medical clinic operated as "a behavioral health practice organized to provide outpatient services for the treatment of mental health conditions, substance use disorders, or both." The examiner stated, "No evidence was provided as to how the [medical clinic] was organized." The examiner further noted that appellant did not present any "evidence that the practice held itself out as a behavioral health or substance abuse practice." The examiner instead determined that the evidence presented at the hearing tended to establish the clinic as "a general medical practice organized to treat the variety of conditions typically treated by a general practitioner." The hearing examiner also concluded that appellant failed to establish that the clinic employed a

supervisory physician. Although the examiner recognized that appellant alleged that he had entered into a supervisory agreement with Dr. Lee-Wood, the examiner found that appellant had engaged the doctor via a third-party provider and never met the doctor.

{¶6} Consequently, the hearing examiner determined that appellant "grossly exceeded the limited prescriptive authority granted to physician assistants in this state." The examiner found that appellant "was not practicing as a mental health provider, but as a pain management provider." The examiner stated that appellant's claim that the behavioral health exception authorized his conduct was "absurd." Thus, the examiner proposed a permanent license revocation and a $5,000 fine.

{¶7} Appellant objected to the hearing examiner's report and recommendation. Appellant specifically objected to the hearing examiner's determination that the behavioral health exception did not apply. He first disputed the examiner's conclusion that the exception is an affirmative defense for which appellant bore the burden of proof. Appellant further objected to the examiner's conclusion that his practice was not a behavioral health clinic. He argued that he testified that 80% of his practice involved mental health or substance abuse treatment. He also challenged the examiner's conclusion that

Dr. Lee-Wood was not "employed by" the practice. Appellant asserted that entering into a supervisory agreement with Dr. Lee-Wood showed that the practice employed a supervisory physician.

{¶8} Appellee subsequently approved the examiner's report and recommendation, permanently revoked appellant's license to practice as a physician assistant and imposed a $5,000 fine. Thereafter, appellant filed a notice of appeal with the common pleas court.

{¶9} On appeal to the trial court, appellant disputed whether appellee correctly interpreted the behavioral health exception. He asserted that appellee incorrectly determined that the exception is an affirmative defense for which he bore the burden of proof. The trial court agreed. In light of this determination, the trial court concluded that because appellee bore the burden to establish that the exception did not apply, the lack of evidence regarding appellant's medical practice was "a problem for [appellee], not [a]ppellant." The court further indicated that appellant's claim that he operated a behavioral health clinic failed "the smell test." The court nevertheless concluded that "the organizational and operational nature" of the clinic was, "at best, an educated guess."

{¶10} Regarding whether Dr. Lee-Wood was "employed by" the practice, the trial court determined that the question to be an

issue of fact.  The court found that reliable, probative, and substantial evidence supported appellee's finding on this issue and that its decision in accordance with the law.  The court thus affirmed appellee's decision to revoke appellant's license to practice as a physician assistant and impose a $5,000 fine.  This appeal followed.

A.

{¶11} In his sole assignment of error, appellant asserts that the trial court's conclusion that reliable, probative, and substantial evidence supports appellee's decision constitutes an abuse of discretion.  Appellant further contends that the issue on appeal involves the interpretation of the R.C. 4730.411(B)(14) exception, which he asserts is a question of law subject to de novo review.

{¶12} Appellee agrees with appellant's statement of the standard of review.  Appellee asserts, however, that we need not reach the statutory interpretation question.  Instead, appellee contends that this court can dispose of this appeal on the alternative basis that reliable, probative, and substantial evidence supports its decision, in view of the fact that appellant issued 41 of the 52[2] prescriptions at issue before R.C.

---

[2] On appeal, the parties do not appear to agree on the number of prescriptions that appellant issued.  Regardless, the record reflects that appellant issued approximately 75% of the prescriptions before the effective date of the R.C. 4730.411(B)(14) exception.

4730.411(B)(14) was enacted.  Appellee thus asserts that appellant cannot invoke an exception that did not exist at the time that he issued the prescriptions.[3]

{¶13} In response, appellant does not disagree with appellee's assertion that he issued some of the prescriptions before the enactment of the statutory exception.  He instead argues that this court still should determine whether the exception applies to the prescriptions that he issued after the statute's effective date.  Appellant also argues that, even without the statutory exception, this court should review whether appellee selected an appropriate sanction.  He suggests that appellee should have considered a license suspension for a period of time, rather than a permanent revocation.

B.

{¶14} "In an appeal from a medical board's order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law."  (Citations omitted.)  *Pons v. Ohio*

---

[3] We observe that appellee apparently did not raise this issue during the proceedings below.  Appellant, however, has not suggested that appellee forfeited the ability to raise the issue on appeal.  Indeed, appellant agrees that the statutory exception does not apply to the prescriptions that he issued before the exception's effective date.  For these reasons, we do not believe that appellee's failure to raise this issue during the proceedings below prevents this court from reviewing it.  *See generally TWISM Enterprises, L.L.C. v. State Bd. of Registration for Professional Engineers & Surveyors*, 2022-Ohio-4677, ¶ 56 (pointing out that a litigant had not raised an issue at an earlier point in the proceedings but nevertheless addressing the issue when the opposing party did not "raise[] a forfeiture argument" and when the "new argument [was] easily dealt with").

*State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993); *accord* R.C. 119.12(N). "[W]hether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence." *Capital Care Network of Toledo v. Ohio Dept. of Health*, 2018-Ohio-440, ¶ 25, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980). An administrative appeal to the trial court is not, however "a trial de novo." *Id.*, quoting *Conrad*, 63 Ohio St.2d at 111. Instead, the trial court "must give due deference to the administrative resolution of evidentiary conflicts." *Id.*, quoting *Conrad*, 63 Ohio St.2d at 111. Thus, as long as "sufficient evidence and the law" support an agency's decision, a trial "court lacks authority to review the agency's exercise of discretion, even if its decision is 'admittedly harsh.'" *Id.*, quoting *Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233, 236-237 (1959). A trial court may, however, decide purely legal questions de novo. *See Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 470-471 (1993).

{¶15} An appellate court's review of an order from an administrative agency is more limited than that of the trial court. *See Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261 (1988). Unlike trial courts, appellate courts generally do not examine the evidence.

*See Pons*, 66 Ohio St.3d at 621. Instead, an appellate court's duty "is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." *Id.* Thus, absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. *See id.*

**{¶16}** Furthermore, an appellate court must not substitute its judgment for that of an administrative agency or a trial court. *See Lorain City School Dist.*, 40 Ohio St.3d at 261 ("The fact that the court of appeals . . . might have arrived at a different conclusion than did the administrative agency is immaterial."). As to questions of law, however, appellate review is "plenary," *Gyugo v. Franklin Cty. Bd. of Dev. Disabilities*, 2017-Ohio-6953, ¶ 13, citing *State v. Straley*, 2014-Ohio-2139, ¶ 9.

C.

**{¶17}** R.C. 4730.25(B)(2) and (3) authorize the medical board to revoke an individual's license to practice as a physician assistant for the failure to comply with the requirements set forth in R.C. Chapter 4730 or 4731, or with any rules that the board adopts. As relevant here, R.C. 4730.41(B)(4) requires a physician assistant who "possesses physician-delegated prescriptive authority for schedule II controlled substances" to

comply with R.C. 4730.411.

R.C. 4730.411(A) provides as follows:

(A) Except as provided in division (B) or (C) of this section, a physician assistant may prescribe to a patient a schedule II controlled substance only if all of the following are the case:
(1) The patient is in a terminal condition, as defined in section 2133.01 of the Revised Code.
(2) The physician assistant's supervising physician initially prescribed the substance for the patient.
(3) The prescription is for an amount that does not exceed the amount necessary for the patient's use in a single, twenty-four-hour period.

{¶18} R.C. 4730.411(B) sets forth a number of exceptions to the restrictions contained in R.C. 4730.411(A). Before October 3, 2023, the statute set forth 13 exceptions, none of which appellant has attempted to invoke. Instead, appellant attempted to invoke the R.C. 4730.411(B)(14) exception, that became effective on October 3, 2023, to permit a physician assistant to prescribe to a patient a schedule II controlled substance if the physician assistant issues the prescription to the patient from

[a] site where a behavioral health practice is operated that does not qualify as a location otherwise described in division (B) of this section, but only if the practice is organized to provide outpatient services for the treatment of mental health conditions, substance use disorders, or both, and the physician assistant providing services at the site of the practice has entered into a supervisory agreement with at least one physician who is employed by that practice.

R.C. 4730.411(B)(14).

{¶19} In the case at bar, appellant contends that this exception applies to the 13 prescriptions that he issued after

the effective date of R.C. 4730.411(B)(14).  Appellant asserts that the trial court incorrectly interpreted the statutory requirements and, thus, wrongly concluded that the exception did not apply.  Appellant does recognize, however, that this exception potentially would apply only to 13 of the prescriptions that he issued and that it would not apply to the remaining prescriptions that he issued before the effective date of the exception.  Appellant nevertheless argues that this court should interpret the exception and determine whether it applies to the 13 prescriptions that appellant issued after the exception's effective date.

{¶20} We, however, decline appellant's invitation to construe the R.C. 4730.411(B)(14) exception.[4]  Instead, we may affirm the trial court's judgment based upon our conclusions that (1) the court did not abuse its discretion by determining that reliable, probative, and substantial evidence supports appellee's decision to revoke appellant's license, and (2) appellee's decision is in accordance with the law.  Before the effective date of the behavioral health exception, appellant

---

[4] We note that courts should avoid "issuing advisory opinions.  As Chief Justice Roberts has stated, '[I]f it is not necessary to decide more, it is necessary not to decide more.'"  (Citations omitted.)  *Capital Care Network*, 2018-Ohio-440, at ¶ 31, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in judgment).

issued approximately 40 prescriptions that (1) failed to comply with R.C. 4730.411(A), and (2) did not fall within an exception that existed at the time that he issued the prescriptions. These 40 instances alone are sufficient to support appellee's decision to revoke appellant's license. *See* R.C. 4730.25(B). Thus, even if we assume, arguendo, that the behavioral health exception may apply to 13 prescriptions, appellant nevertheless issued numerous prescriptions that fell outside of the authority granted in R.C. 4730.411(A). Given these violations, appellee had the authority to revoke appellant's license. *See id.; Capital Care Network*, 2018-Ohio-440, at ¶ 25; *see generally Reed v. State Med. Bd. of Ohio*, 2005-Ohio-4071, ¶ 41 (10th Dist.) ("The determination of the appropriate sanction in an administrative hearing is strictly for the agency."). Consequently, we do not agree with appellant that the trial court abused its discretion when it affirmed appellee's decision to revoke his license.

{¶21} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY


It is ordered that the judgment be affirmed.  Appellee shall recover from appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court


BY:_____
    Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.